■ In the Matter of RAPHAEL J. SANCHEZ, Appellant, v. STEPHEN PAPONTAS et al., Constituting the Board of Assessors of the Town of Kent, Respondents.— In a proceeding pursuant to article 78 of the CPLR to compel the respondent Board of Assessors to allow petitioner to examine, inspect and copy certain records, petitioner appeals from a judgment of the Supreme Court, Putnam County, dated November 21, 1968, which dismissed the petition. Judgment reversed, on the law and the facts, without costs, and petition granted to the extent indicated herein. The Board of Supervisors of Putnam County authorized the Cleminshaw Company to reappraise the real property in Putnam County for the use of the Assessors. By this proceeding, petitioner seeks to compel the respondent Board of Assessors to allow the inspection of the separate, pencil-marked data cards, which are one of the guides used in the preparation of the final assessment roll. The forms for these cards were apparently prepared by the Cleminshaw Company and their employees were involved in the acquisition of the data which appears on the cards. The issue before us is whether these cards are available for inspection and copying by virtue of the provisions of section 51 of the General Municipal Law. We are of the opinion that they are. The respondent board keeps all of the cards on hand and encourages individual property owners to appear and review the correctness of the information appearing on their cards

with a representative of the Cleminshaw Company or an Assessor. These cards are more than a work product. They were prepared at the direction of the Board of Supervisors and are kept on hand for review and correction. In this situation, the public policy of the State would appear to favor disclosure (cf. *Matter of Egan* v. *Board of Water Supply,* 205 N. Y. 147, 157–158; *Matter of North* v. *Foley,* 238 App. Div. 731, 734–735). The exposure of these cards would not be dangerous to the public interest or detrimental to its welfare. No personal or private interests are necessarily involved (cf. *Matter of New York Post Corp.* v. *Moses,* 12 A D 2d 243, 253–254, revd. on other grounds, 10 N Y 2d 199; *Matter of Sears Roebuck & Co.* v. *Hoyt,* 202 Misc. 43). The inspection of these cards is to be permitted pursuant to such reasonable regulations as may be prescribed by the respondent board. The board is directed to notify petitioner of the terms of such regulations within 30 days of the date hereof. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.